## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE

| | | |
|---|---|---|
| **KIMBERLY BLAIR,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CAUSE NO.   3:15-CV-318-JHM** |
| | ) | |
| **VICTORY PACKAGING, L.P.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

### COMPLAINT AND DEMAND FOR JURY TRIAL

### I. NATURE OF THE CASE

1.      Plaintiff, Kimberly Blair ("Blair"), by counsel, brings this action against Defendant, Victory Packaging, L.P. ("Defendant") alleging violations of the Fair Labor Standards Act, 29 U.S.C. §201 *et. seq.* as amended, and the Kentucky Civil Rights Act.

### II. PARTIES

2.      Blair is a resident of Jefferson County in the Commonwealth of Kentucky, who at all times relevant to this action resided within the geographical boundaries of the Western District of Kentucky.

3.      Defendant maintains offices and conducts business within the geographical boundaries of the Western District of Kentucky.

### III. JURISDICTION AND VENUE

4.      Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. § 1343; and 29 U.S.C. § 216(b). and 31 U.S.C. § 3732(a).

5. Jurisdiction is conferred on Blair's state law claims pursuant to 28 U.S.C. §1367 because her state law claims arise from the same common nucleus of operative facts as her federal law claims and all of her claims form a single case and controversy under Article III of the United States Constitution.

6. Defendant is an "employer" as that term is defined by 29 U.S.C. § 203(d) and KRS 344.030(2).

7. Blair was an "employee" as that term is defined by 29 U.S.C. § 203(e)(1) and KRS 344.030(5).

8. A substantial part of the events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Western District of Kentucky; thus, venue is proper in this Court.

## IV. Factual Allegations

9. Blair began working for the Defendant as a temp in or about early 2011 as a production worker. While still a temp, she underwent forklift training and became a forklift operator, earning $10.00 per hour. She was hired by the Defendant in January 2012 and was earning $11.50 per hour as a Forklift Operator.

10. In January 2014, Blair learned that she was earning less per hour than her male counterparts, who were all earning at least $12.50 per hour. Moreover, most of the other male Forklift Operators had less experience and seniority than Blair.

11. Upon learning of the aforementioned discrimination, Blair reported the discrimination to Brandon Bogart, Warehouse Manager. Bogart suggested that they

would fix it; however, they never did.  Blair complained about the gender based disparity in pay several more times to Bogart and Sara Hayes, President. Still, no remedial action was taken.

12.     In or about March 2014, Blair filed a Charge of Discrimination with the EEOC alleging gender discrimination.

13.     On or about October 21, 2014, Defendant terminated Blair's employment because of her gender and/or in retaliation for her having filed the aforementioned charge of discrimination.  Defendant alleged that it terminated Blair for having admitted to having drugs on her at work; however, Blair did not have drugs on her at work, nor did she admit to such a thing.  Blair even passed a drug test required by the Defendant, but Defendant still chose to terminate her employment.

14.     Blair was paid less than her male peers despite the fact that her male peers were employed in similar positions which required equal skill, effort and responsibility, and which were performed under similar working conditions.

## V.  CAUSES OF ACTION

### COUNT I:  GENDER DISCRIMINATION

15.     Blair hereby incorporates paragraphs one (1) through fourteen (14) of her Complaint.

16.     Blair was subject to different terms and conditions of her employment based on her gender.

17.     Defendant's actions were intentional, willful and in reckless disregard of

Blair's rights as protected by the Kentucky Civil Rights Act.

18.     Blair suffered damages as a result of Defendant's unlawful actions.

### COUNT II: VIOLATION OF THE EQUAL PAY ACT

19.   Blair hereby incorporates paragraphs one (1) through twenty-five (25) of her Complaint.

20.     Defendant paid Blair significantly less than her male peers despite the fact that her male peers were employed in similar positions which required equal skill, effort and responsibility, and which were performed under similar working conditions.

21.     Defendant's actions were intentional, willful, and taken in reckless disregard of Bullock's legal rights.

22.     Defendant's unlawful actions have violated Blair's rights as protected by the Equal Pay Act, 29 U.S.C. §§ 206(d).

23.     Blair has suffered damages as a result of Defendant's unlawful actions.

### COUNT III: VIOLATION OF THE FLSA - RETALIATION

24.     Blair hereby incorporates paragraphs one (1) through twenty-three (23) of her complaint as if the same were set forth at length herein.

25.      Defendant retaliated against Blair by discriminating against her for having complaining about potential violations of the Equal Pay Act, 29 U.S.C. §§ 206(d).

26.     Defendant's actions violated the Fair Labor Standards Act, 29 U.S.C. §201 et seq.

27.     Defendant's actions were intentional, malicious, and done with reckless

disregard for Blair's legally protected rights.

28.    Blair has suffered damages as a result of Defendant's conduct.

## COUNT IV: RETALIATION IN VIOLATION OF THE KCRA

29.    Blair hereby incorporates by reference paragraphs one (1) through twenty-eight (28) of her Complaint.

30.    Defendant retaliated against Blair for having complained of gender discrimination and filed a Charge of Discrimination by terminating her employment.

31.    Defendant's actions violated the anti-retaliation provisions of the KCRA, KRS 344.280(1).

32.    Defendant's actions were intentional, malicious, and done with reckless disregard for Blair's legally protected rights.

33.    Blair has suffered damages as a result of Defendant's actions.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Kimberly Blair, respectfully requests that this Court enter judgment in her favor and award her the following relief:

1.    Reinstate Blair to the position, salary, and seniority level she would have enjoyed but for Defendant's unlawful actions; and/or payment to Blair of front pay in lieu thereof;

2.    All wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

3.    Compensation for any and all other damages suffered as a consequence of

Defendant's unlawful actions;

4.     Liquidated damages for Defendant's violation of the EPA;

5.     Compensatory damages for Defendant's violations of the KCRA;

6.     All costs and attorney's fees incurred as a result of bringing this action;

7.     Pre- and post-judgment interest on all sums recoverable; and

8.     All other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC

By:  /s/ Andrew Dutkanych III
Andrew Dutkanych III, Atty No. 91190
101 North Seventh Street
Louisville, Kentucky 40202
Telephone:    (502) 561-3418
Facsimile:     (812) 424-1005
Email: ad@bdlegal.com

Attorneys for Plaintiff, Kimberly Blair

## DEMAND FOR JURY TRIAL

Plaintiff, Kimberly Blair, by counsel, requests a trial by jury on all issues deemed

so triable.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC

By:  /s/ Andrew Dutkanych III
Andrew Dutkanych III, Atty No. 91190
101 North Seventh Street
Louisville, Kentucky 40202
Telephone:    (502) 561-3418

-6-

Facsimile:      (812) 424-1005
Email: ad@bdlegal.com

Attorneys for Plaintiff, Kimberly Blair