UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CIVIL ACTION NO. 3:15-CV-00318-JHM

KIMBERLY BLAIR                                                                                          PLAINTIFF

V.

VICTORY PACKAGING, L.P.                                                                         DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant's Partial Motion to Dismiss [DN 10]. Fully briefed, this matter is ripe for decision. For the following reasons, the Partial Motion to Dismiss is **DENIED**.

**I. BACKGROUND**

On April 20, 2014, Plaintiff filed an official charge of discrimination against her employer, Defendant Victory Packaging, with the Equal Employment Opportunity Commission (hereinafter "EEOC") and the Louisville/Jefferson County Metro Human Rights Commission (hereinafter "LHRC"). (Def.'s Mtn Dismiss Ex. [DN 10-2] at 1.) On April 6, 2015 the LHRC took over investigation of the charge. (Id. [DN 10-3] at 1.) Plaintiff filed another official charge with the EEOC on April 22, 2015, which it received on May 5, 2015. (Id. [DN10-4] at 1.)

While these administrative charges were pending with both the EEOC and the LHRC, Plaintiff filed her Complaint in this Court on April 27, 2015. (Pl.'s Compl. [DN 1].) Her Complaint alleged gender discrimination in violation of the Kentucky Civil Rights Act (hereinafter "KCRA"), violation of the Equal Pay Act, violation of the Fair Standards Labor Act, and retaliation in violation of the KCRA. (Id. ¶¶ 15–33.) On June 23, 2015, Defendant filed the instant Partial Motion to Dismiss, seeking dismissal only of the KCRA claims, arguing that because the administrative charges were still pending, plaintiff could not bring the instant action

pursuant to the election of remedies doctrine under KRS § 344.270. (Def.'s Mem. Supp. Mtn. Dismiss [DN 10-1] at 3.) Following Defendant's Motion, Plaintiff withdrew her EEOC charges and received her Notices of Right to Sue on July 29, 2015, and she withdrew her LHRC charge and received her dismissal order on July 13, 2015. (Def.'s Reply Ex. [DN 33-1] at 2, 4; Pl.'s Resp. Ex. [DN 32-1] at 1–2.)

Plaintiff then filed her Amended Complaint on August 7, 2015, additionally alleging Title VII discrimination and retaliation. (Pl.'s Am. Compl. [DN 21] ¶¶ 20–23, 39–43.) On October 16, 2015, Plaintiff then responded to Defendant's Partial Motion to Dismiss, stating she no longer had any administrative claims pending. (Pl.'s Resp. [DN 32] at 2.) Disagreeing with Plaintiff's new position, Defendant decided to move forward with its Partial Motion to Dismiss and filed a Reply on November 2, 2015. (Def.'s Reply [DN 33].)

## II. STANDARD OF REVIEW

Upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), a court "must construe the complaint in the light most favorable to plaintiffs," League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007) (citation omitted), "accept all well-pled factual allegations as true," id., and determine whether the "complaint . . . states a plausible claim for relief," Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Under this standard, the plaintiff must provide the grounds for its entitlement to relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A plaintiff satisfies this standard only when it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A complaint falls short if it pleads facts "merely consistent with a defendant's liability" or if the alleged facts do not "permit the court to

2

infer more than the mere possibility of misconduct." Id. at 679. Instead, "a complaint must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" Id. at 663 (quoting Fed. R. Civ. P. 8(a)(2)). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Id. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

If "matters outside the pleadings are presented to and not excluded by the court" when ruling upon a motion under Rule 12(b)(6), the Federal Rules require that "the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). This Rule does not require the Court to convert a motion to dismiss into a motion for summary judgment every time the Court reviews documents that are not attached to the complaint. Greenberg v. Life Ins. Co. of Va., 177 F.3d 507, 514 (6th Cir. 1999). "[W]hen a document is referred to in the complaint and is central to the plaintiff's claim . . . [,] the defendant may submit an authentic copy [of the document] to the court to be considered on a motion to dismiss, and the court's consideration of the document does not require conversion of the motion to one for summary judgment." Id. (quotation omitted).

### III. DISCUSSION

Defendant now moves to dismiss only Plaintiff's KCRA claims, arguing that Plaintiff is barred from pursuing those claims in a court of law while simultaneously pursuing administrative charges under Kentucky's election of remedies provision, KRS § 344.270. The KCRA provides two alternative sources of relief: 1) a plaintiff may file a charge with an administrative agency, or 2) she may bring her claim in a court of law. Vaezkoroni v. Domino's

Pizza, Inc., 914 S.W.2d 341, 342–343 (Ky. 1996). A plaintiff may not simultaneously bring both actions, as the election of remedies provision states that:

> A state court shall not take jurisdiction over any claim of an unlawful practice under this chapter while a claim of the same person seeking relief for the same grievance is pending before the commission. A final determination by a state court or a final order of the commission of a claim alleging an unlawful practice under KRS 344.450 shall exclude any other administrative action or proceeding brought in accordance with KRS Chapter 13B by the same person based on the same grievance.

KRS § 344.270. Under this provision, a court of law cannot retain jurisdiction over a claim either after an administrative agency has issued a final determination on the substantive issues of that claim or while that claim is still pending with the administrative agency. Vaezkoroni, 914 S.W.2d at 343; Founder v. Cabinet for Human Res., 23 S.W.3d 221, 223 (Ky. Ct. App. 1999); McNeal v. Armour & Co., 660 S.W.2d 957, 958 (Ky. Ct. App. 1983). More recently, the Kentucky Court of Appeals compiled factually similar Kentucky cases dealing with this provision and concluded that a claimant may only pursue a claim in court if she meets certain criteria: 1) the plaintiff has not received a *final* determination from an administrative body, and 2) the plaintiff does not have a *pending* administrative claim. Wilson v. Lowe's Home Ctr., 75 S.W.3d 229, 234 (Ky. Ct. App. 2001); see Nicholson v. Blue Grass Cooperage Co., No. 2008-CA-000323-MR, 2009 WL 414164, at *2 (Ky. Ct. App. Feb. 20, 2009).

   A plaintiff can meet these criteria if the federal and/or state administrative agency, with which she filed her charge, relinquishes jurisdiction or dismisses the pending charge without any determinations of the substantive issues and subsequently administers a Notice of Rights to Sue prior to the plaintiff filing suit. See Clifton v. Midway Coll., 702 S.W.2d 835, 837 (Ky. 1985); McNeal, 660 S.W.2d at 958. Furthermore, a plaintiff can meet these criteria even if she files an administrative charge with a federal and/or state agency as long as she withdraws the

4

administrative charge prior to filing her legal cause of action. See Grego v. Meijer, Inc., 187 F. Supp. 2d 689, 692–93 (W.D. Ky. 2001); see also Thomas v. Forest City Enterprises, Inc., No. CIV.A. 3:00CV-764-H, 2001 WL 1772018, at *4 (W.D. Ky. Oct. 17, 2001) (declining to dismiss a KCRA claim because plaintiff withdrew her discrimination claim from the Kentucky Human Rights Commission (hereinafter "KHRC") prior to filing suit); Brown v. Diversified Decorative Plastics, LLC, 103 S.W.3d 108, 113 (Ky. Ct. App. 2003) ("Although [plaintiffs] initially selected the administrative route as a remedy, they did not pursue it but rather withdrew their complaints. Following the dismissal . . . of those complaints, they then proceeded down the judicial avenue. We conclude that their action is not prohibited by the doctrine of election of remedies."); Wilson, 75 S.W.3d at 234. Generally, this election to withdraw a state agency charge of discrimination "does not appear to [violate] any command contained in KRS [§] 344.270." Thomas, 2001 WL 1772018, at *4. These courts reasoned that because there had been no final determination of the substantive issues and all pending administrative charges had been withdrawn, they were not prevented from considering the case. Id.; see Grego, 187 F. Supp. 2d at 693; Brown, 103 S.W.3d at 114–15.

The facts of this case present a slightly different scenario. Here, Plaintiff had pending administrative charges of discrimination at the time she initially filed suit in this Court. The administrative charges had not been fully resolved, but the Plaintiff did not withdraw them prior to filing this action. The Plaintiff did, however, withdraw her administrative charges after Defendant had filed this Partial Motion to Dismiss, and then she filed an Amended Complaint reasserting those claims. Under the election of remedies doctrine, the KCRA claims asserted in her initial Complaint are barred because she had pending administrative claims. However, the

5

question present here is whether the election of remedies doctrine bars the KCRA claims that were reasserted in her Amended Complaint, after the administrative claims had been withdrawn.

Kentucky decisions have dictated that a plaintiff cannot bring an action if she has any pending administrative claims at the time of filing her complaint in a court of law. The Court of Appeals has consistently allowed plaintiffs to bring their suits because they did not have "pending administrative claim[s] *when [they] filed [their] complaint[s] in the circuit court*." Wright v. Highland Cleaners, Inc., No. 2000-CA-000949-MR, 2003 WL 21241505, at *3 (Ky. Ct. App. May 30, 2003) (emphasis added); see Brown, 103 S.W.3d at 112 (citing Founder, 23 S.W.3d at 222) ("The employee in the Founder case was properly denied relief because the statute prohibited the employee from *filing a circuit court action* while the administrative action was still pending. Thus, the dismissal of the circuit court action was required."); Nicholson, 2009 WL 414164, at *2 (citing Wilson, 75 S.W.3d at 324) ("At the time that the Wilson complainant filed his suit in circuit court, he did not have any administrative or federal actions pending. Therefore, he was permitted to pursue his state law cause of action."). Therefore, it appears that the important moment for determining if a plaintiff has any pending administrative charges is the moment the complaint is filed. Wright, 2003 WL 21241505, at *3; see Brock, 2007 WL 196895, at *6 (allowing plaintiff to bring her civil action because her *administrative claims were not pending at that the time this action was filed*).

Which complaint must we look to—the original Complaint or the Amended Complaint? The Supreme Court has ruled that "[i]t is the complaint which defines the nature of an action, and once accepted, an amended complaint replaces the original." Florida Dep't of State v. Treasure Salvors, Inc., 458 U.S. 670, 706 n.2 (1982) (White, J., concurring in part & dissenting in part on other grounds, joined by Powell, Rehnquist, & O'Connor, JJ.). Further, the filing of a

6

plaintiff's amended complaint "render[s] the original complaint null and void." Vadas v. United States, 527 F.3d 16, 22 n. 4 (2nd Cir. 2007) (adopting party's quotation from district court decision); Van Vels v. Betten, No. 1:06-CV-710, 2007 WL 2461933, at *1 (W.D. Mich. Aug. 27, 2007). In fact, the amended complaint totally supersedes and nullifies the original complaint. Van Vels, 2007 WL 2461933, at *1. Accordingly, the Court concludes that election of remedies issues must be decided based on the date the Amended Complaint was filed. At that time, there were no administrative charges pending as they had been withdrawn and Plaintiff had received her Notices of Rights to Sue. It is clear that Plaintiff had withdrawn all pending administrative charges prior to filing her Amended Complaint and before the EEOC and LHRC reached a final determination of her claims. Therefore, at the time of filing her Amended Complaint, Plaintiff was free to bring her claims in this Court without violating the election of remedies provision under KRS § 344.270.

## IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Defendant's Partial Motion to Dismiss is **DENIED**.

Joseph H. McKinley, Jr., Chief Judge
United States District Court

December 2, 2015

cc: counsel of record